**Analcherie O. HILLMAN, Petitioner,**

v.

**DEPARTMENT OF JUSTICE, Respondent.**

No. 04–3060.

United States Court of Appeals, Federal Circuit.

DECIDED: June 10, 2004.

Analcherie O. Hillman, Washington, DC, pro se.

Michael S. Dufault, Principal Attorney, David M. Cohen, Of Counsel Attorney, Department of Justice, Washington, DC, for Respondent.

Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

This pro se petitioner challenges the decision of the Merit Systems Protection Board ("Board") affirming the Department of Justice's ("Department") removal of her from the Executive Office for Immigration Review. She challenges both the grounds of removal and the reasonableness of that action as a penalty for her misconduct. We affirm.

## I

The Department removed Hillman for loafing, insubordination, and unauthorized absences. Initial Decision at 1. At the Board, Hillman "stipulated prior to hearing that she had engaged in the conduct as specified in each of the agency's charges leading to her discharge." *Id.* She contended that "the agency's hostile work environment rendered her physically and/or mentally unable to perform the duties of her position and caused the demonstrated conduct." *Id.* at 1–2. She also contended that the penalty of removal from her position was "too severe." *Id.* at 2.

After a hearing, the Board's administrative judge, in an initial decision which became final when the Board declined to review it, upheld the removal. The Board held that the Department's action was justified by Hillman's substantial misconduct. The Board found that the charge of loafing was supported by three separate incidents in which she was idle or engaged in personal tasks while on duty. *Id.* The Board also found that she was insubordinate when she disobeyed explicit directions not to read personal material while on duty and that she was absent without authorization during parts of four consecutive days in April 2002. *Id.* at 3. It further found that Hillman had not established that the agency had created a hostile work environment or that her misconduct resulted from her physical or mental illness. *Id.* at 4–5.

Finally, the Board upheld the penalty of removal because it "supports the efficiency of the service and was reasonable. Consequently, the agency's penalty of removal will not be disturbed." *Id.* at 8.

## II

■ A. The only finding related to her misconduct that Hillman challenges covers one of the four incidents of unauthorized absence; she contends that she properly submitted a leave slip that was denied without justification. We need not decide that issue, however, since the Board's findings that Hillman also was absent without leave on three other occasions, *id.* at 3, which she does not challenge, are sufficient to sustain the Board's determination that the agency proved the charge of unauthorized absence.

■ B. Hillman apparently argues that her misconduct should be excused because it was occasioned by mental distress caused by a hostile work environment. At the hearing, Hillman offered only her own testimony to support these allegations; she alleged that coworkers had stopped communicating with her and that her supervisors watched her closely and prevented her from lunching in the offices of certain coworkers. As the Board properly concluded, this evidence fell far short of establishing that the agency created a hostile work environment. (In her brief, Hillman also refers to reprimands she received for watching television at her workstation and for lunching in the offices of coworkers despite a warning not to do so, and to her supervisor's denial of her requested leave. Since she did not rely on those allegations before the Board, they are not properly before us.)

Hillman further alleges that her mental health problems, which the hostile work environment further exacerbated, were

the actual cause of her misconduct. As the Board noted, it was Hillman's burden to establish the affirmative defense of disability discrimination by preponderant evidence. *Id.* at 5–6. At the hearing, Hillman stated that she was not alleging disability discrimination; the Board determined that Hillman had "effectively withdrawn" that defense. *Id.* at 6.

In her brief to this court, Hillman attempts to revive this argument. Even if we were to reach this contention despite Hillman's waiver, she could not prevail on it. She alleges in her brief that she made it "perfectly clear to someone ... in her office that she was under psychiatry [sic] care" before her misconduct occurred. Pet. Br. at 3. The "someone" was Mirna Maletesta, Hillman's coworker. The relevant statute, however, provides that "until the employer is made aware of the disability, the duty to accommodate does not arise." *Office of the Senate Sergeant at Arms v. Office of Senate Fair Employment Practices,* 95 F.3d 1102, 1107 (Fed. Cir.1996) (addressing the requirements of the Americans with Disabilities Act ("Disabilities Act")); *see also id.* at 1106 (noting that under the Disabilities Act, failing to accommodate an employee with a known disability is tantamount to discrimination); 5 U.S.C. § 7702(a) (2000) (permitting employees to raise the defense of disability discrimination under the Rehabilitation Act before the Board); 29 U.S.C. § 791(g) (importing the substantive standards of the Disabilities Act to evaluate complaints under the Rehabilitation Act). Because Hillman never disclosed her mental health problems to a supervisor, *see* Initial Decision at 4–5, her discrimination claim fails.

### III

Finally, Hillman contends that the penalty of discharge was excessive in light of her transgressions. An agency has broad discretion in selecting the penalty, and our review of the penalty is limited to determining whether the agency abused its discretion. *Mazares v. Dep't of the Navy,* 302 F.3d 1382, 1386 (Fed.Cir.2002), *cert. denied,* 538 U.S. 960, 123 S.Ct. 1748, 155 L.Ed.2d 511 (2003). The Board found that the agency fully evaluated the relevant factors. It noted that Hillman had been disciplined three times in the prior five months and concluded that the penalty was reasonable. Initial Decision at 6–8. We have no basis to disturb that conclusion.